IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02125-GPG

**ROBERT ADELHARDT**,

    Applicant,

v.

**RICK RAEMISCH**, Executive Director Colo. Dep't of Corrections,

    Respondent.

## ORDER OF DISMISSAL

Applicant Robert Adelhardt is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Applicant initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and has been granted leave to proceed *in forma pauperis* in this action. The form Applicant used to file the Petition is not a form approved by this Court. Nonetheless, Applicant has provided all the required information so the Court may proceed with a review of the merits of his claims.

Applicant was sentenced in Colorado Criminal Case No. 00CR9 on August 24, 2000 to an aggregate term of imprisonment of from 8 years to life. Under Colorado law, a sex offender is required as part of his or her sentence to undergo "appropriate" treatment. *See* Colo. Rev. Stat. §§ 18–1.3–1004(3) and 16–11.7–106. The sex offender is further required to undergo an evaluation to determine what kind of treatment would be appropriate for him or her. *See* Colo. Rev. Stat. §§ 16–11.7–104, 16–11.7–105. For a sex offender to be eligible for release on parole, the parole board must consider "whether the sex offender has

successfully progressed in treatment." Colo. Rev. Stat. § 18–1.3.1006(1)(a).  Thus, participation in a treatment program is an absolute prerequisite for release on parole. As part of the Sex Offender Lifetime Supervision Act (SOLSA), Colorado requires sex offenders to serve the minimum sentence and to progress in treatment until a parole board determines that the offender no longer poses an undue threat to society if treated and monitored appropriately.  Colo. Rev. Stat. § 18-1.3-1006(1)(a).  SOLSA requires the board to review the decision at least once every three years.  *Id.* § 18-1.3-1006(1)(c).

Applicant complains that Respondent is violating his Eighth And Fourteenth Amendment rights because his release on parole is conditioned on his participation in the Sex Offender Treatment and Monitoring Program (SOTMP) and he has been denied a transfer to a prison facility where the SOTMP is offered.  As relief, Applicant asks that the Court order his release under the intensive supervision program pursuant to Colo. Rev. Stat. § 18-1.3-1005.

The Court must construe Applicant's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Application will be denied and the action dismissed.

Mr. Adelhardt appears to be asserting civil rights claims pursuant to 42 U.S.C. § 1983, *i.e.*, denial of the ability to participate in the sex offender treatment program, which are not properly raised in a habeas corpus action, but asking for habeas corpus relief pursuant to 28 U.S.C. § 2241, *i.e.*, his release on parole.

"The essence of habeas corpus is an attack by a person in custody upon the legality

of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence."); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). "It is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens [v. Six Unknown Named Agents*, 403 U.S. 388 (1971),] . . . – not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

If Mr. Adelhardt intends to assert civil rights claims challenging the conditions of his confinement, including the administration of sex offender treatment, he must file a separate civil rights action pursuant to § 1983. *See e.g., Haines v. Archuleta,* No. 13-cv-01897-PAB-KLM, 2013 WL 6658767, at *3 (D. Colo. Dec. 17, 2013) ("If [applicant] wishes to assert claims challenging the administration of the sex offender treatment program, he must do so in a separate prisoner civil rights action.") He may not proceed in the instant action with a hybrid pleading that appears to combine asserting civil rights claims with a request for habeas corpus relief.

Moreover, Applicant's claim that he is being denied an opportunity for parole because he is not being allowed to participate in sex offender treatment fails to state a claim for 2241 relief. In this regard, Applicant claims that he has a due process right in being released on

parole. In order to state a claim, a person alleging that he has been deprived of his right to procedural due process must prove two elements: 1) that he possessed a constitutionally protected liberty or property interest such that the due process protections were applicable; and 2) that he was not afforded an appropriate level of process. *Zwygart v. Bd. of Cnty. Comm'rs*, 483 F.3d 1086, 1093 (10th Cir. 2007) (internal quotations omitted); *see Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (setting forth elements of procedural due process violation).

A protected liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it. Generally, there is no federal constitutional right to parole, although statutory language mandating parole can create a liberty interest that the government cannot infringe upon without affording due process. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 12 (1979); *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest. *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009). As there is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, the States are under no duty to offer parole to their prisoners. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam) (citation omitted); *see also Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (An applicant has no inherent constitutional right to be conditionally released before the expiration of a valid sentence).

The Colorado Parole Board has unlimited discretion to grant or deny parole for defendants serving sentences for crimes committed on or after July 1, 1985. *See Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990); Colo. Rev. Stat. § 17-22.5-303(6). Because the

applicable state law gives the board total discretion in granting parole, Mr. Adelhardt has no federally protected liberty interest in release on parole in Colorado. *See* Colo. Rev. Stat. § 18-1.3-1006(1)(a) (the parole board shall schedule a hearing to determine whether the sex offender may be released) (emphasis added). *Accord Jago v. Ortiz*, 245 F. App'x 794, 796-97 (10th Cir. 2007).

According to the DOC website,[1] Applicant was sentenced on August 24, 2000, to eight years to life incarceration and was eligible for parole on September 1, 2014. His next parole hearing is scheduled for July of 2016. Applicant concedes he is parole eligible and has been before the board, but contends he will never be paroled because Respondent fails to provide access to and enrollment in the SOTMP in violation of his Fourteenth and Eighth Amendment rights.

Applicant is not entitled to mandatory parole under Colorado law because the granting of parole is discretionary. The parole board may deny Applicant parole even if he does complete the SOTMP. Thus, a favorable ruling in this action would neither invalidate the sentence nor necessarily shorten it, as discretion over the length of the sentence would still rest with the parole board. *See Beebe v. Heil*, 333 F.Supp.2d 1011, 1014 (D. Colo. 2004). Accordingly, his claim is not cognizable pursuant to 28 U.S.C. § 2241 because his claim, if granted, would not necessarily result in a speedier release. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ("When a prisoner's claim does not necessarily result in a

---

[1] The Court may take judicial notice of the contents of the CDOC's Offender Search website. *See Triplet v. Franklin*, No. 06 6247, 365 F. App'x 86, 92 n.8 (10th Cir. Feb. 5, 2010) (unpublished) (taking judicial notice of Oklahoma Department of Corrections' website); *see also N.M. ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 n. 22 (10th Cir. 2009) (taking judicial notice of information on the websites of two federal agencies).

speedier release, the claim does not lie at the core of habeas corpus.") (quoting, *Preiser*, 411 U.S. at 489)).

Based on the above findings, the Application will be denied. If Applicant wishes to assert claims challenging the administration of the sex offender treatment program he must do so in a separate prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the Application is denied and the action dismissed without prejudice. It is

**FURTHER ORDERED** that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right in a federal habeas action. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.

DATED October 16, 2015, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court