IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02125-LTB

ROBERT ADELHARDT,

    Applicant,

v.

RICK RAEMISCH, Executive Director Colo. Dep't of Corrections,

    Respondent.
_____

ORDER DENYING MOTION TO RECONSIDER
_____

Applicant, Robert Adelhardt, has filed a "Motion to Alter or Amend a Judgment" (ECF No. 10). In the Motion, Applicant appears to challenge the Order of Dismissal entered in this action on October 16, 2015. The Court construes the Motion liberally as a motion to reconsider because Mr. Adelhardt is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court

will consider the motion to reconsider filed by Mr. Adelhardt pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action on October 19, 2015. (ECF No. 8). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

**I.  Background**

Applicant was sentenced in Colorado Criminal Case No. 00CR9 on August 24, 2000 to an aggregate term of imprisonment of from 8 years to life. Under Colorado law, a sex offender is required as part of his or her sentence to undergo "appropriate" treatment. *See* COLO. REV. STAT. (C.R.S.) §§ 18-1.3-1004(3) and 16-11.7-106. To be eligible for release on parole, a sex offender must serve the minimum sentence and is required to have "successfully progressed in treatment." § 18-1.3-1006(1)(a), C.R.S.

In the § 2241 Application, Mr. Adelhardt complained that Respondent had violated his Eighth And Fourteenth Amendment rights because Applicant has served the minimum period of incarceration specified in his indeterminate sentence, but has been denied

release on parole because he has not participated in the Sex Offender Treatment and Monitoring Program (SOTMP), which is a condition of parole. Applicant further alleges that he had been denied a transfer to a prison facility where the SOTMP is offered. Applicant asked the Court to order his immediate release under the intensive supervision program pursuant to § 18-1.3-1005, C.R.S.

The Court dismissed the § 2241 Application without prejudice because Applicant's claims challenging the administration of sex offender treatment were more property asserted in a civil rights action, not a habeas proceeding. *See e.g., Haines v. Archuleta,* No. 13-cv-01897-PAB-KLM, 2013 WL 6658767, at *3 (D. Colo. Dec. 17, 2013) ("If [applicant] wishes to assert claims challenging the administration of the sex offender treatment program, he must do so in a separate prisoner civil rights action.")

The Court further concluded that Applicant failed to state an arguable due process claim that was actionable under 28 U.S.C. § 2241 because he does not have a constitutionally-protected liberty interest in parole under federal or state law. (*See* ECF No. 7 at 3-6). Even if Mr. Adelhardt successfully participates in, and completes, sex offender treatment, he will not be entitled to parole under Colorado law. *See Vensor v. People,* 151 P.3d 1274, 1276 (Colo. 2007) ("On completion of the minimum period of incarceration specified in the sex offender's indeterminate sentence, less any credits earned by him, the Act assigns discretion to the parole board to release him to an indeterminate term of parole of at least ten years for a class four felony, or twenty years for a class two or three felony, and a maximum of the remainder of the sex offender's natural life." (emphasis added)). As such, success on the due process claim would not

entitle Applicant to speedier release. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (internal quotations and citation omitted).

## II. Analysis

Mr. Adelhardt now asks the Court to reconsider the dismissal order on the ground that he is entitled to immediate release from custody based on the Respondents' refusal to place him in the required sex offender treatment program. However, this argument simply rehashes Applicant's claim that was addressed in the order of dismissal, and, therefore, does not provide a basis for relief under Fed. R. Civ. P. 59(e).   *See Servants of the Paraclete*, 204 F.3d at 1012.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Adelhardt fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.   Accordingly, it is

ORDERED that the "Motion to Alter or Amend a Judgment" (ECF No. 10), filed *pro se* by Applicant, Robert Adelhardt, on October 26, 2015, which the Court construes liberally as a motion for relief under Fed. R. Civ. P. 59(e), is DENIED.

DATED January 26, 2016, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court